**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN DUNCAN, | No. 13-55857 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00271-RGK-VBK |
| v. | |
| CITY OF SIMI VALLEY, a municipal corporation, and MICHAEL LEWIS, individually and in his official capacity as former Chief of Police for the Simi Valley Police Department, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 5, 2015[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: BEA and FRIEDLAND, Circuit Judges and RICE,<sup>***</sup> District Judge.

Kevin Duncan, a Simi Valley peace officer, filed this action brought under 42 U.S.C. § 1983 against defendants Simi Valley (his employer) and Michael Lewis (the Simi Valley Chief of Police). The district court granted the defendants' motion to dismiss the complaint for failure to state a claim on statute of limitations grounds. We review de novo, *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014), and affirm.[1]

The parties agree that the applicable statute of limitations is two years. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 654 & n.2 (9th Cir. 2003). The statute of limitations begins to run when the plaintiff's claim accrues. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). In the employment context, the claim accrues when the plaintiff suffers an adverse employment action. *Id.*

The parties further agree that Duncan first suffered an adverse employment action in March of 2010 when he was put on paid administrative leave and humiliated in front of his colleagues. Duncan argues that the discipline imposed at

---

[***] The Honorable Thomas O. Rice, District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

[1] Because we affirm the dismissal of the complaint on these grounds, we do not reach Chief Lewis's argument that the complaint is duplicative as to him.

the end of his leave constitutes a separate adverse employment action that restarts the statute of limitations. However, Duncan's complaint alleges only that his placement on paid administrative leave was unlawful retaliation for his exercise of his Constitutional rights. Duncan does not argue that he suffered any adverse consequences from the notice of proposed discipline, which was subsequently overturned, nor does he allege that the final discipline imposed upon him was unreasonable. Under this court's precedent, "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)). Because Duncan did not allege that the discipline imposed upon him was discriminatory, it is not a separate adverse employment decision arising from his retaliation allegations.[2]

To challenge the placement on paid administrative leave that he does allege to be retaliatory, Duncan was required to file his suit by March 2012, but his complaint was not filed until January 14, 2013. Accordingly, the district court's dismissal of the complaint on the grounds that it was untimely filed is

---

[2] Circuit precedent forecloses Duncan's argument that he was required to exhaust administrative remedies. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 (9th Cir. 2002).

AFFIRMED.